Stephen M. LANGLEY *v.* STATE of Arkansas

CR 77-12                       549 S.W. 2d 799

Opinion delivered May 2, 1977
(Division II)

*Bob Frazier* and *Charles G. Vaccaro,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. For reversal of a manslaughter conviction, appellant Stephen M. Langley raises the issues hereinafter discussed.

The undisputed evidence shows that Danny Gossage was killed in the home of appellant with a shot gun held by appellant. The State offered proof that appellant and the decedent were arguing and that appellant to better his position in the argument was pointing the loaded shot gun at decedent. The testimony on the part of appellant was that he got the old shot gun from his bedroom to talk to decedent about how to reblue the gun. Appellant denied that he and decedent were having an argument. He testified that when he started to get up out of the chair to put the gun up, it accidently went off. The proof also shows that the shot gun had gone off on appellant once while squirrel hunting and once while quail hunting. The Criminal Investigator with the Arkansas State Police testified that the gun had a hair trigger and was not safe. Furthermore, a trace metal test showed no trace of metal on appellant's trigger finger.

Appellant requested an instruction on the lesser included offense of negligent homicide, Ark. Stat. Ann. § 41-1505 (Ark. Crim. Code 1976), which the trial court refused. To sustain the action of the trial court the State takes the position that the evidence does not justify the giving of the instruction on negligent homicide. However, as we view the record, the evidence made a fact issue for the jury. Consequently, the trial court erred in refusing the offered instruction on negligent homicide.

Appellant also complains of an instruction given by the court in the language of Ark. Stat. Ann. § 41-2246 (Repl. 1964) which was repealed by the Arkansas Criminal Code 1976. Because of the error above pointed out, we need not determine whether the objection made was sufficient to raise the issues now argued. However, we do point out for purposes of retrial that the burden of proof in a criminal case is now controlled by Ark. Stat. Ann. § 41-110 (Ark. Crim. Code

1976).

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.